# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Date:                  March 15, 2013

Courtroom Deputy:      Robert R. Keech
Court Reporter:        Tracy Weir
Interpreter:           N/A
Probation Officer:     Veronica Ramirez

**Criminal Action No.  11-cr-00422-REB**

*Parties:*                                    *Counsel:*

UNITED STATES OF AMERICA,                     M. J. Menendez

    Plaintiff,

v.

**4.  RICHARD CROSSE, a/k/a Richard           Patrick L. Ridley
Cross**,                                      Darlene A. Bagley
                                              Kristen M. Frost
    Defendant.

## SENTENCING MINUTES

1:36 p.m.      **Court in session.**

> **Change of Plea Hearing - October 8, 2012, at 9:00 a.m.
> Plea of Guilty - Count One of Information.**

Appearances of counsel.

Defendant is present in custody.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed. R. Crim. P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addenda.

Counsel for the government confirms that counsel has read the presentence report and addenda.

Counsel for the defendant informs the court that counsel has read and discussed the presentence report and addenda with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement under USSG § 6B1.2, including the parties' written stipulation of facts relevant to sentencing under USSG § 6B1.4(a);
- The nature and circumstances of the offense(s) – focusing on "the real conduct" – for which the defendant is being sentenced;
- The history and characteristics of the offender;
- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and any addendum;
- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18 U.S.C. § 3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;
- The kinds of sentence and the sentencing range established under the USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);
- The need to avoid unwarranted sentencing disparities by "ensuring similar sentences for those who have committed similar crimes in similar ways," *Booker*;
- The need to restitute victims;
- The pertinent policy statements of the US Sentencing Commission;

- The need to impose sentences that satisfy the needs and requirements of 18 U.S.C. § 3553(a)(2);
- The advancement of the seminal congressional goals of honesty, uniformity, and proportionality in sentencing;
- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the congressional goals and purposes of sentencing;
- The propriety or necessity of imposing concurrent or consecutive sentences after considering the provisions of 18 U.S.C. § 3584(a) and (b);
- The position of the government, the defendant, and the probation department;
- The evidence presented, reasons stated, arguments advanced, authorities cited by the parties in their papers and during their oral argument and presentation.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment(s) of conviction, sentence(s), and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows: Government's Motion to Dismiss Counts One and Two [ECF Doc. No. 177], filed December 21, 2012, is **GRANTED.** Government's Motion for Downward Departure for Substantial Assistance Under United States Sentencing Guideline Section 5K1.1 [ECF Doc. No. 178], filed December 21, 2012, is **DENIED AS MOOT.** Government's Motion to Amend Government's Motion for Downward Departure Pursuant to U.S.S.G. § 5K1.1 Found at Docket Number 178 [ECF Doc. No. 215], filed March 8, 2013, is **GRANTED IN PART and DENIED IN PART as outlined by the Court on the record.** Defendant Richard Crosse's Sentencing Memorandum and Request for Variant Sentence [ECF Doc. No. 179], filed December 21, 2012, is **DENIED.** Government's Motion for Reduction in Base Offense Level Pursuant to U.S.S.G. §3E1.1(b) [ECF Doc. No. 217], filed March 11, 2013, is **GRANTED.**;

3. That judgment of conviction under Fed. R. Crim. P. 32(k) is entered on Count One of the Information;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **TIME SERVED**;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **4 years**; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    - the following explicit or special conditions of supervised release:

        - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

        - that the defendant shall not possess or use illegally controlled substances;

        - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

        - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

        - that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

        - that defendant shall continue to receive the treatment, therapy, counseling, testing, and education deemed reasonably necessary by his probation officer for his alcohol

abuse;

- that defendant shall abstain from the use of alcohol and all other intoxicants during the course of any such treatment, therapy, counseling, testing, or education and that to ensure continuity of treatment, the probation department is authorized to release all records of defendant, including the presentence report, to any person or entity involved in or responsible for such treatment, therapy, counseling, testing, or education;

- that defendant shall not enter or remain upon premises which has a primary business activity of the sale of alcoholic beverages, including, but not limited to liquor stores, bars, pubs, saloons, lounges, etc;

- that defendant shall not drive or operate a motor vehicle on the streets or highways of the State of Colorado without a current operator's license, registration, and proof of insurance;

- that he shall be committed to a halfway house for a term of 90 days as soon as those arrangements can be made by his probation officer, and, while there, he shall comply unconditionally with all rules, regulations, policies, directives, orders, and contractual provisions, if any, of that halfway house;

- that on his release of that halfway house and in lieu of further imprisonment, he shall be subject to home detention for a term of six months.  During this time, he shall remain in or near his principal place of residence, except for activities expressly approved by his probation officer, including, but not limited to employment, medical treatment, or evaluation, treatment, therapy, counseling, testing, and education for alcohol abuse and other activities;

- that home detention shall be subject to electronic monitoring requiring defendant to cooperate fully with his probation officer to facilitate and implement home detention.  This will require at least two things, a telephone service free of all glitter and gadgets.  No modems, no cordless phones, no answering machines, and it will require defendant, at his expense, to wear all electronic equipment required to effect electronic monitoring.

7. That a fine of $10,000.00 is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00 for each count of conviction for a total of $100.00;

9. That the mandatory drug-testing provisions of 18 U.S.C.. § 3583(d) are imposed;

10. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

11. That an order and judgment of forfeiture shall be entered pursuant to the plea agreement of the parties and the admission of the defendant of the forfeiture allegation of the Indictment and under the authority of Fed. R. Crim. P. 32.2(b)(3) and the statutory provisions of 21 U.S.C. § 853(c);

12. That the defendant is remanded to the custody of the United States Marshal.

Parties state they have no objections to the sentence imposed.

The defendant is advised of the right to appeal the sentence imposed by the court.

**3:04 p.m.    Court in recess.**

Total time in court:  1:28

Hearing concluded.